SAWYER v. ATCHISON, T. & S. F. R. CO. et al.

(Circuit Court of Appeals, Second Circuit. February 25, 1904.)

No. 29.

1. RAILROADS — PROPERTY — TRANSFER—BONDHOLDERS — EQUITY — REMEDY AT LAW.

Where the property of a railroad company was acquired by another railroad company under foreclosure proceedings which were void as against a holder of bonds guarantied by the mortgagor company, such bondholder was not entitled to sue the purchasing company in equity to apply the assets so transferred to the payment of his bonds, until he had exhausted his legal remedies against the mortgagor.

2. SAME—RECOVERY OF BONDS—ACTIONS—JOINDER.

Where a holder of bonds guarantied by a railroad company deposited them with a trust company for specific uses, and thereafter such company wrongfully refused to deliver the bonds on demand, the owner could not join an action to recover them with a suit against another corporation, which had acquired the assets of the guarantor company under void foreclosure proceedings, to apply such assets in payment of the bonds; such company being in no way responsible for the trust company's withholding of the bonds.

3. SAME—DAMAGES—PROOF.

Where railroad bonds were deposited for specific uses with a trust company, which afterwards wrongfully refused to return the same on demand, the fact that, because the bonds were not dealt in on the exchanges, and were obligations of a corporation which had become practically defunct, it was rendered difficult to establish their value, did not justify plaintiff in resorting to a court of equity to recover the same.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 119 Fed. 252.

John Ford, for appellant.
Alfred Opdyke, for appellee Atchison, T. & S. F. R. Co.
A. H. Van Brunt, for appellee Central Trust Co.

Before WALLACE and COXE, Circuit Judges.

WALLACE, Circuit Judge. The material facts set forth in the very voluminous bill of complaint in this cause, and the prayers for relief, are concisely and adequately summarized in the opinion of the court below, and any recapitulation is unnecessary. The propositions

of law which control the case are so plain as to require no amplification or citation of authority.

An analysis of the bill shows that the complainant is a creditor of the Atchison, Topeka & Santa Fé Railroad Company, by reason of the guaranty by that company of the payment of 20 negotiable bonds made by the Colorado Midland Railroad Company, the guaranty being indorsed upon the bonds; that these bonds are in the possession of the Central Trust Company, having been placed there by the complainant for certain specific uses, and the trust company wrongfully retains them and refuses to return them to complainant; and that the Colorado Midland Railroad Company and the Atchison, Topeka & Sante Fé Railroad Company have denuded themselves of all their property, and the same has been acquired by the Atchison, Topeka & Santa Fé Railway Company by proceedings which, as against the complainant, were a nullity.

After recovering a judgment against the railroad company, and upon the return of his execution unsatisfied, the complainant will be in a position to pursue the property in the hands of the Atchison, Topeka & Santa Fé Railway Company, which was formerly the property of the railroad company; but it has no equitable cause of action against the railway company until these remedies have been exhausted. His cause of action is purely a legal one as against the defendants the trust company and the railroad company, and he has as yet no equitable cause of action against the defendant the railway company. His remedy against the trust company is by an action at law in trover or replevin, and his remedy against the railroad company is by an action at law upon the guaranty. No action can be maintained against the trust company and the railroad company jointly, because the latter has taken no part in the conversion of the complainant's bonds, and the former is not a party to the guaranty. The fact that it may be difficult to prove the value of his bonds or of the guaranty in an action against the trust company does not supply a reason for resorting to a court of equity to recover of the trust company. It is always difficult to establish the value of the obligations of an extensive corporation which has become practically defunct, because they are not dealt in on the exchanges; but it can be established, and not infrequently is, in actions where the question is in controversy.

The court below properly held that the demurrers of the trust company and the railway company upon the grounds of want of equity and multifariousness were well taken, and the decree is

Affirmed, with costs.